UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARLA A. WHITAKER,<br><br>                              Plaintiff,<br><br>          v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security Administration,<br><br>                              Defendant. | CASE NO.  C09-5642RBL<br><br>REPORT AND RECOMMENDATION<br><br> Noted for September 3, 2010 |

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of  H.E.W. v. Weber, 423 U.S. 261 (1976).  This matter has been fully briefed.  After reviewing the record, the undersigned finds the ALJ erred when he relied on the medical expert's testimony, which is based on an unfair bias against the state agency's medical evaluations.  This error unfairly infected the ALJ's consideration of each of the five steps in the administrative review process.  Accordingly, the undersigned recommends remand of the matter for a review of the matter in its entirety.

REPORT AND RECOMMENDATION - 1

### FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Carla Whitaker, is currently 45 years old.  Tr. 127.  She dropped out of school in the seventh grade, and has not received a G.E.D.  Tr. 155-56.  She has work experience as a cashier and bartender.  Tr. 68.  She has not worked since 1996, which at the time she was working as a cashier in the family owned store but was forced to quit due to a divorce.  Tr. 67-68.

On May 21, 2003, plaintiff filed an application for social security benefits.  Tr. 54-58.  Plaintiff alleged she became disabled since October 4, 2002, due to depression, anti-social disorder, victim of domestic violence, methamphetamine dependence in remission, and asymptomatic hepatitis C.  Tr. 54.  Her application was denied initially and on reconsideration.  Tr. 24-27, 29-30.  Plaintiff filed a hearing request, and a video hearing was held before an administrative law judge (ALJ) on June 13, 2006.  Tr. 12, 313-41.  On July 27, 2006, the ALJ issued a decision in which he found that plaintiff was not disabled.  Tr. 10-21.  Plaintiff appealed the ALJ's decision, but the Appeals Council denied plaintiff's request for review.  Tr. 5-9.  As a result, the ALJ's decision is the Administration's final decision.

Plaintiff subsequently filed a Complaint with the court.  Whitaker v. Astrue, C07-5061RJB.  In a stipulated order and judgment entered July 19, 2007, the court remanded plaintiff's claim for a new hearing.  Tr. 382-83.  A second administrative hearing was held on May 12, 2008.  Tr. 542-90.  On September 30, 2008, a different ALJ issued a decision finding that plaintiff was not disabled.  Tr. 363-79.  Specifically, the ALJ found in relevant part as follows:

(1)      at step-one of the sequential disability evaluation process, plaintiff has not engaged in substantial gainful activity since May 23, 2003, the date of plaintiff's application for supplemental security income benefits;

REPORT AND RECOMMENDATION - 2

(2)      at step-two, plaintiff had "severe" impairments consisting of depressive disorder and methamphetamine and marijuana abuse;

(3)      at step-three, none of plaintiff's impairments met or medically equaled the criteria of any of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4)      after step-three but before step-four, the ALJ found that plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: plaintiff can perform simple, routine, repetitive work involving one to three step tasks.  Plaintiff can only have occasional contact with coworkers.  Plaintiff can have less than occasional and only brief contact with the public in a predictable work environment;

(5)      at step-four, plaintiff is unable to perform any past relevant work;

(6)      at step-five, plaintiff is capable of performing other jobs existing in significant numbers in the national economy, particularly work as housekeeping cleaner.

*Id.*

Plaintiff requested review of the ALJ's decision by the Administration's Appeals Council which, on August 13, 2009, denied her request, leaving the ALJ's decision as the final decision of the Commissioner.  Tr. 342-45; 20 C.F.R. § 416.1481.

The matter is now before the court a second time for judicial review of the administrative decision denying plaintiff's application for social security benefits.  Plaintiff argues the ALJ's decision should be reversed and remanded to the Commissioner for an award of benefits or, in the alternative, for further administrative proceedings.  Specifically, plaintiff raises the follow five issues in her Opening Brief (Doc. 16):

(a).  The ALJ improperly relied upon medical expert testimony.

(b).  The ALJ failed to properly evaluate the medical evidence.

REPORT AND RECOMMENDATION - 3

(c).   The ALJ failed to properly evaluate plaintiff's testimony regarding her symptoms and limitations.

(d).   The ALJ failed to properly evaluate lay witness evidence.

(e).   The ALJ erred in finding that plaintiff's impairments did not meet or equal Listing 12.04 of the Listed Impairments.

(f).   The ALJ improperly determined plaintiff's residual functional capacity (RFC).

(g).   The Commissioner failed to meet the burden of showing that plaintiff can perform any work in the national economy.

## DISCUSSION

This Court must uphold the Commissioner's determination that plaintiff is not disabled if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision.  Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla but less than a preponderance.  Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 524-25 (E.D. Wash. 1991).  If the evidence admits of more than one rational interpretation, the Court must uphold the Commissioner's decision.  Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

Here, the ALJ relied heavily upon the medical expert, Dr. Lewy's testimony, to determine plaintiff's complaints were exaggerated and to discount several medical opinions.  The ALJ wrote, "Overall, I find Dr. Lewy's opinion regarding evidence in the record to be valid.  Dr. Lewy has provided an impartial expert opinion based on a review of the entire record.  His

REPORT AND RECOMMENDATION - 4

opinion is given weight because it is consistent with the medical evidence in the record."  Tr. 374.

Plaintiff argues the ALJ should not have relied upon Dr. Lewy's opinion because Dr. Lewy has a possible conflict of interest and he expressed an improper bias.  The undersigned agrees.

Review of Dr. Lewy's testimony reflects that Dr. Lewy is under contract with the Social Security Administration to perform quality reviews of cases.  Tr. 579.  Dr. Lewy explained that he has been working for the administration in this capacity for ten years and for the three years immediately prior to giving his testimony in this matter he had not been providing any treatment to patients and had only been working as a consultant.  *Id.*

The ALJ adopted Dr. Lewy's testimony and opinion regarding plaintiff's mental condition, which included a rejection or discounting of many, if not all, of the mental evaluations prepared for DSHS or the state agency.  Dr. Lewy explained to the ALJ his impressions of the state agency evaluations, stating in general terms that the DSHS evaluations were "an attempt to report what's being told in a one-time evaluation of short-term disability."  *Id.*  In response to further questioning, Dr. Lewy explained that in his experience and based on independent research he believes very little effort goes into a DSHS evaluation.  Tr. 578.  Dr. Lewy specifically stated that the DSHS evaluations are in the record, prepared by the evaluators "for the purpose of qualifying someone for disability."  *Id.*

20 C.F.R. § 416.919q describes the importance of avoiding conflicts of interest during the administrative process.  The regulations provides, in pertinent part, as follows:

> All implications of possible conflict of interest between medical or psychological consultants and their medical and psychological practices will be avoided. Such consultants are not only those physicians and such psychologists who work for us directly but also those who do review and adjudication work in

REPORT AND RECOMMENDATION - 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

the State agencies. Physicians and psychologists who concurrently work for a
State agency.

More importantly, the evidence cannot legitimately be discounted based on the context in which

it was obtained.  *See* <u>Reddick v. Chater</u>, 157 F.3d 715, 726 (9th Cir. 1998)(In the absence of other

evidence to undermine the credibility of a medical report, the purpose for which the report was

obtained does not provide a legitimate basis for rejecting it.).

      Here, the court cannot ignore Dr. Lewy's statement that he believes that DSHS

evaluations are prepared "for the purpose of qualifying someone for disability."  Such a bias,

expressed clearly at the administrative hearing, makes any review of such opinions unfair to the

social security claimant.  In turn, the ALJ's reliance on Dr. Lewy's opinion, based on a biased

review of the medical record, was improper.  The matter must be remanded to the administration

for further consideration.

      As further argued by plaintiff, the ALJ's reliance on biased medical expert's opinion

necessitates a complete review of the medical record and re-evaluation of plaintiff's residual

functional capacity.  Moreover, because credibility is a central issue to Dr. Lewy's opinion and

the ALJ's decision, the administration must be directed to reconsider both plaintiff's and the lay

witness's testimony or statements in their entirety.  Accordingly, the other issues presented by

plaintiff are persuasive and are not specifically addressed in this report.  On remand, the

administration should review the application for benefits and the evidence in their entirety and

reconsider each of the five-steps in the administrative process.

      Because this issue pervades the content of the entire decision, this court has not further

evaluated the other issues presented in plaintiff's complaint.

REPORT AND RECOMMENDATION - 6

**CONCLUSION**

Based on the foregoing discussion, the Court should remand the matter to the administration for further consideration.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections thereto. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on September 3, 2010, as noted in the caption.

Dated this 11th day of August, 2010.


J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7